**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald E Cash, Jr., | No. CV-24-08097-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Claimant Ronald E. Cash Jr. filed an application for Social Security Disability Insurance ("SSDI") benefits on June 1, 2018, alleging a disability beginning October 29, 2016. (AR. 184.) His last insured date was December 31, 2019. (AR. 2408.) The Social Security Administration denied his claim initially and again on reconsideration. (AR. 184.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 181-201.) The Appeals Council accepted review of the decision and remanded for further proceedings (AR. 202-06), after which the ALJ issued a second unfavorable decision. (AR. 12-37.) The Appeals Council denied review of the decision (AR. 1-6), so Cash appealed to this Court. Based on a stipulation of the parties, the Court remanded for further proceedings. (AR. 2492-93.)

After another administrative hearing, the ALJ issued a third unfavorable decision. (AR. 2503-32.) The Appeals Council accepted review of the decision and remanded for further proceedings. (AR. 2533-39.) Without another hearing, the ALJ issued a fourth

unfavorable decision. (AR. 2405-34.) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration. (AR. 2395-98.) Cash seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Court affirms.

**I.   Five-Step Process**

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step, to assess the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ must determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II.  Legal Standard**

This Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the

Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

**III.   Analysis**

Cash raises two issues for the Court's consideration: (1) whether the ALJ properly evaluated the opinion of his treating primary care physician, Roger Nutt, M.D., and (2) whether the ALJ properly evaluated Cash's symptom testimony. The Court addresses each issue in turn.

**A.   Dr. Nutt's Opinion**

Cash asserts that the ALJ failed to provide a "sufficient explanation supported by substantial evidence" to discount Dr. Nutt's opinion. (Doc. 12 at 10.) For claims filed on or after March 27, 2017, including Cash's, ALJs give no specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ is required to consider all medical opinions and articulate how persuasive she finds them. § 416.920c(b). The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but she need only articulate in her decision her findings regarding the supportability and consistency of the opinion with other evidence in the record. § 416.920c(b)(2). Supportability examines the relevant objective medical evidence and supporting explanations presented by the source to justify his medical opinion. § 404.1520c(c)(1). Consistency examines the uniformity and agreement amongst the evidence from other medical and nonmedical sources. § 404.1520c(c)(2). For claims to which these regulations apply, ALJs are also not required to provide "clear and convincing" or "specific and legitimate" reasons to reject a treating physician's opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ's evaluation of each medical opinion must simply be supported by substantial evidence. *Id.*

Dr. Nutt completed a form in January 2019 that indicated that, in an eight-hour workday, Cash could: sit less than two hours; stand or walk fewer than two hours; and

could carry fewer than ten pounds. (AR. 1150.) Dr. Nutt assessed that Cash would need to alternate sitting, standing, and walking at will. (AR. 1150.) Further, Dr. Nutt opined that Cash would be off task 25% or more of the day and would miss more than four workdays per month. (AR. 1149, 1151.) Dr. Nutt based his opinion on his examination of Cash and Cash's subjective report about his conditions. (*See* AR. 1304-06.) Dr. Nutt completed the same form in May 2020 indicating that Cash could sit for about four hours and could rarely carry more than ten but fewer than twenty pounds. (AR. 2390.) All other assessments were the same as the January 2019 form. The ALJ found Dr. Nutt's opinions unpersuasive. (AR. 2422-23.)

The ALJ found the opinions of Dr. Nutt lacked support from the objective medical evidence in the record. Specifically, the ALJ found Dr. Nutt's opinions are "not consistent with Dr. Nutt's own appointment with [Cash] on that very same day." (AR. 2422.) The ALJ found that "[f]or such extreme limitations, including the ability to sit and stand less than two hours total out of an eight-hour day, one would expect to see some additional findings" other than an antalgic gait. (AR. 2422.) Instead, Dr. Nutt, in his general examination, found Cash to have a normal heart, lungs, and extremities, and noted no other abnormalities other than an antalgic gait. (AR. 1306.) The ALJ also found that Dr. Nutt "provided no explanation for finding [Cash] would be off task more than 25 percent of the workday, was unable to perform even low stress jobs, and would be absent more than four days per month." (AR. 2423.) Indeed, the forms Dr. Nutt completed only indicated chronic pain with no further explanation or specification. (AR. 1148-51, 2388-91.) Accordingly, the ALJ found the objective medical evidence in the record did not support the limitations in Dr. Nutt's opinions. (AR. 2422-23.) Substantial evidence supports the ALJ's evaluation of the supportability of Dr. Nutt's medical opinion.

The ALJ also found Dr. Nutt's opinions were inconsistent with other evidence in the record. The ALJ noted that the treatment notes from the day Dr. Nutt provided his opinion were inconsistent with his opinions because Cash indicated he was doing well, and the treatment notes indicated no abnormalities other than the use of a cane. (AR. 2422.)

1  Furthermore, the ALJ noted that Cash reported engaging in activities such as gardening, yard work, walking for an extended period, helping a family member move, driving for extended periods, and hanging Christmas lights and found these activities to be inconsistent with the limitations in Dr. Nutt's opinion. (AR. 2423.) The ALJ also found Dr. Nutt's opinions were inconsistent with objective medical evidence from other medical sources within the record. For example, the ALJ noted Dr. Nutt assessed "a decreased ability to turn the head, look up and down, and hold the head static, but the record shows no more than borderline to mild abnormality of the cervical spine." (AR. 2423.) Under these circumstances, the Court will not disturb the ALJ's inconsistency finding. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (finding that "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"). The ALJ reasonably found the opinions of Dr. Nutt lacked consistency with objective medical evidence in the record. The Court finds no reversible error.

### B.  Cash's Symptom Testimony

Cash asserts the ALJ failed to provide "specific, clear, and convincing reasons supported by substantial evidence" to discount his symptom testimony. (Doc. 12 at 16.) Proper evaluation of a claimant's symptom testimony requires the ALJ to perform a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2017) (quotation omitted). If the claimant presents such evidence and absent evidence of malingering, the ALJ may reject the claimant's testimony as to the severity of his symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (quotation omitted).

The Court will uphold the ALJ's decision so long as the ALJ has provided legally sufficient reasons for rejecting the claimant's testimony, even if the ALJ did not "clearly link [the] determination to those reasons." *Lewis*, 236 F.3d at 512. "Even when an agency

- 5 -

explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004) (quotations and citation omitted).

Cash testified that he has chronic pain making it difficult to concentrate for about three fourths of the day, his arms go numb when driving or lying down, he could sit for about 20 minutes before experiencing numbness and pain in his back, and he spends four to five hours a day lying down. (AR. 2418.) The ALJ found objective evidence supports the following impairments: "osteoarthritis of the left hip with history of acetabular labral repair and femoral acetabular osteoplasty; osteoarthritis of the bilateral knees and lumbar, thoracic, and cervical degenerative disc disease" which could reasonably be expected to produce the symptoms Cash alleged. (AR. 2412, 2424.) The ALJ, however, determined Cash's testimony regarding "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR. 2424.)

The ALJ's assessment of Cash's symptom testimony is supported by substantial evidence. The ALJ found Cash's symptom testimony was inconsistent with the objective medical evidence and Cash's daily activities. (AR. 2420-21.) These are both proper considerations in analyzing symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

After a review of the medical imaging of Cash's spine, hips, and knees, the ALJ noted "the positive diagnostic findings fail to corroborate the full extent of the alleged severity, limiting effects, and frequency of the claimant's medical conditions." (AR. 2421.) This is a relevant consideration. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by the objective medical evidence, the

medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disability effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citation omitted). The ALJ gave some credit to Cash's testimony and acknowledged a limited ability to lift and carry and a reduced ability to stand and walk. (AR. 2421.) But the ALJ did not credit his testimony for greater limitations because of evidence in the record that Cash could walk without a cane and of occasional prolonged walking. (AR. 2421.) Here, the ALJ properly considered the objective medical evidence with other factors in deciding to discount Cash's testimony.

The ALJ also discussed Cash's daily activities, including gardening daily, performing his own hygiene independently, driving, managing his own finances, shopping, preparing meals, doing laundry, watching television, playing games on a tablet, using social media, and caring for his children, pets, and the elderly. (AR. 2421.) An ALJ may properly consider those activities "to the extent they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by statute*. Such is the case here. For instance, Cash testified that he spends a typical day rotating between his bed and the recliner and spends four to five hours a day laying down. (AR. 2444.) But the evidence in the record of Cash's other activities conflicts with this testimony. The ALJ reasonably found that the severity of symptoms Cash testified to inconsistent with the objective medical evidence and Cash's daily activities. The Court finds no reversible error.

**IT IS ORDERED** that the ALJ's decision is **AFIRMED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 15th day of September, 2025.

Douglas L. Rayes
Senior United States District Judge